UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRAVIS ANDERSON, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIV. NO. 3:14-cv-00829 (VAB) |
| : | |
| MARTIN SCANLON, RYAN CUBELLS : | |
| and LEE GILBERT, : | |
|     Defendants. : | |

## RULING ON MOTIONS IN LIMINE

Travis Anderson ("Plaintiff") has filed two motions *in limine* [ECF Nos. 73, 74] seeking to preclude the introduction of certain categories of evidence during the upcoming jury trial in this case. Ryan Cubells ("Defendant") has also filed six separate motions *in limine* seeking to preclude various types of evidence from introduction at trial.

For the reasons outlined below, Mr. Anderson's [73] Motion *in Limine* is **GRANTED IN PART AND DENIED IN PART**; Mr. Anderson's [74] Motion *in Limine* is **DENIED** without prejudice; Mr. Cubells's [79] Motion *in Limine* is **GRANTED**; Mr. Cubells's [84] Motion *in Limine* is **GRANTED IN PART AND DENIED IN PART**; and Mr. Cubells's [80], [81], [82] and [83] Motions *in Limine* are **GRANTED**. The Court's ruling, however, is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce v. United States*, 469 U.S. 38, 41 (1984).

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Mr. Anderson originally brought this case against Martin Scanlon, Ryan Cubells and Lee Gilbert (together "Defendants"), alleging claims of excessive force, intentional infliction of emotional distress, and unreasonable search and seizure under 42 U.S.C. § 1983. Compl., ECF No. 1. He also brought a *Monell* claim against the City of Waterbury. *Id.* These claims arose

1

from two separate encounters with Ryan Cubells, a Police Officer with the City of Waterbury, and two of his co-workers, Martin Scanlon and Lee Gilbert, on November 3, 2013 and December 23, 2013. Compl., ECF No. 1. During both of these encounters, Defendants pulled over, arrested, and searched Mr. Anderson, and Mr. Anderson claims that Mr. Cubells used excessive force during those arrests. *Id.*

At the summary judgment stage, the Court dismissed Mr. Anderson's claims against the City of Waterbury and Mr. Anderson conceded his unreasonable search and seizure claims, leaving only Mr. Anderson's claims of excessive force and intentional infliction of emotional distress. *See* Ruling on Mot. for Summary J., ECF No. 69. Remaining for the jury are Mr. Anderson's claim that Mr. Cubells used excessive force against him during those two arrests, and that Officers Scanlon and Gilbert were deliberately indifferent to Mr. Cubells's use of excessive force, as well as his claim that Mr. Cubells is liable for intentional infliction of emotional distress based on his actions during these arrests. Jury selection was held on September 5, 2017, and jury trial is scheduled to begin on September 18, 2017. *See* Minute Entry, ECF No. 98.

In advance of the upcoming jury trial, Mr. Anderson seeks to preclude the introduction of evidence related to one criminal conviction from 2008 and three criminal convictions from 2014, as well as evidence or testimony related to the various items found through the search of Mr. Anderson's vehicle on November 3, 2013. Pl. Mots. *in Limine*, ECF Nos. 73 and 74. Mr. Cubells seeks to preclude the admission into evidence of the following: (1) transcript excerpts from recordings of Mr. Cubells taken by the Federal Bureau of Investigation ("FBI"); (2) evidence or testimony relating to the underlying legality of the traffic stops of Mr. Anderson in November and December of 2013; (3) evidence regarding Mr. Cubells's eventual termination from the Waterbury Police Department; (4) evidence related to other civilian complaints filed

2

against Mr. Cubells; and (5) evidence related to Mr. Cubells's psychiatric treatment following the events at issue in this case. Def. Mots. *in Limine*, ECF Nos. 79, 80, 81, 82, 83 and 84.

## II. STANDARD OF REVIEW

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce*, 469 U.S. at 40 n.2; *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *Levinson v. Westport Nat'l Bank*, No. 3:09-CV-1955 VLB, 2013 WL 3280013, at *3 (D. Conn. June 27, 2013). Courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

## III. DISCUSSION

### A. Plaintiff's Motions *in Limine* Re: Mr. Anderson's Criminal Convictions [ECF No. 73] and the Fruits of the November 2013 Vehicle Search [ECF No. 74]

Mr. Anderson seeks to preclude references to four criminal convictions: (1) a 2008 conviction for assault in the first degree; (2) a 2014 conviction for carrying a pistol without a permit; (3) a 2014 conviction for possession of narcotics with intent to sell; and (4) a 2014 conviction for violation of probation. Pl. Mot. *in Limine*, ECF No. 73. With the exception of the 2008 conviction, these convictions arose out of Mr. Anderson's November 2013 arrest, one of the two encounters with Mr. Cubells that form the basis of this lawsuit. Pl. Mem. in Supp, ECF

No. 73-1. In addition to these convictions, Mr. Anderson seeks to preclude any testimony or evidence related to the specific items found during the search of his vehicle in November 2013 – namely, a firearm, some marijuana, and a white crystal substance – as well as evidence related to the criminal charges brought against him following that search. Pl. Mem. in Supp., ECF No. 74-1.

Mr. Anderson argues that this evidence is irrelevant, as the crimes at issue do not relate to Mr. Anderson's truthfulness and the 2008 assault conviction is particularly remote in time. *Id.* Mr. Cubells argues that these convictions and charges, as well as the items revealed in the vehicle search, are relevant for impeachment purposes and to provide necessary context for the jury to evaluate whether the force used against Mr. Anderson was reasonable.

Evidence of prior convictions may be admitted in some circumstances for limited purposes such as proving motive or impeaching a witness's credibility. *See* Fed. R. Evid. 404(b) (noting that evidence of past crimes "is not admissible to prove a person's character" but that such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."); Fed. R. Evid. 609(a) (outlining the "rules [that] apply to attacking a witness's character for truthfulness by evidence of a criminal conviction" and requiring admission of prior convictions "if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement"); *see also Lewis v. Velez*, 149 F.R.D. 474, 481-82 (S.D.N.Y. 1993) ("Neither drug crimes nor assault involve dishonesty or false statement... so the plaintiff's convictions for these crimes are not automatically admissible under Rule 609(a)(2). On the other hand, none of the convictions at issue is more than ten years old; thus, evidence of the crimes is not presumptively barred under Rule 609(b)... Convictions for

4

crimes or other bad acts that bear a close resemblance to actions alleged in the current case are likely to run afoul of Rule 404(b), because they cause unfair prejudice to the party against whom they are offered by suggesting that the party has a propensity to commit such acts.").

At all times, such evidence is subject to the balancing test of Rule 403, which provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of ... unfair prejudice...." Fed. R. Evid. 403; *see also United States v. Estrada*, 430 F.3d 606, 615-16 (2d Cir. 2005) ("[E]vidence of convictions for crimes involving 'dishonesty or false statement,' whether felonies or misdemeanors, *must* be admitted under Rule 609(a)(2) as being *per se* probative of credibility, while district courts, under Rule 609(a)(1), *may* admit evidence of a witness's felony convictions that do not constitute *crimen falsi*, subject to balancing pursuant to Rule 403.").

"In balancing the probative value against the prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Stephen v. Hanley*, No. 03-CV-6226 (KAM) (LB), 2009 WL 1471180, at *4 (E.D.N.Y. May 21, 2009) (citing *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997)). Mr. Anderson's credibility is particularly important in this case, given the parties' widely divergent versions of what took place during the contested arrests. The particular crimes at issue in Mr. Anderson's motions *in limine*, however – assault, possession of narcotics, carrying a pistol without a permit, and violation of probation – do not have significant impeachment value, as they do not relate to dishonesty or false statements on the part of Mr. Anderson. *See* Fed. R. Evid. 609(a)(2). Furthermore, the 2008 assault conviction, while within the ten-year window contemplated by Rule 609, is particularly remote in time compared to the

events at issue in this lawsuit, which took place in 2013, and arguably involves conduct that is similar to the conduct at issue in this case. *See Twitty v. Ashcroft,* No. 3:04-CV_410 (DFM), 2010 WL 1677757, at *2-3 (D. Conn. Apr. 23, 2010) (evaluating motion *in limine* regarding evidence of prior felony assault convictions in excessive force case, noting that "the jury is likely to draw the inference from the nature of the plaintiff's convictions that he has the propensity to engage in violent behavior" and concluding that "the probative value of the name and nature of the [plaintiff's prior felony] convictions is substantially outweighed by the danger of unfair prejudice").

The Court agrees with Mr. Anderson that the 2008 conviction, the items discovered in his vehicle during the November 2013 search, and the resulting criminal charges and convictions are of limited probative value in this excessive force case. The 2008 assault conviction is particularly remote in time and has the most potential to prejudice the jury. *See Lewis,* 149 F.R.D. at 482. Furthermore, the Court has concerns that the introduction of detailed evidence related to these convictions could result in undue delay and confusion, weighing against admissibility under Rule 403. *See, e.g. Stephen*, 2009 WL 1471180 at *4 ("The offense for which Sean Stephen was subsequently convicted, however, does not provide insight into whether he posed a threat to the safety of the defendants or attempted to evade arrest, and thus, whether the defendants' use of force was reasonable."). The prior convictions and related evidence that followed the November 2013 search, however, may be probative as to Mr. Anderson's motive for bringing this lawsuit, given the proximity in time between these convictions and the filing of this lawsuit.

Accordingly, Mr. Anderson's [73] Motion *in Limine* is **GRANTED IN PART AND DENIED IN PART** and his [74] Motion *in Limine* is **DENIED** without prejudice. With respect

to Mr. Anderson's 2008 conviction, the Court concludes that the prejudicial value far outweighs the probative value and this conviction is properly excluded under Rule 403. With respect to his 2014 convictions and related evidence, however, the Court concludes that, at this time, there is no basis for the introduction of this evidence beyond the limited purpose of questioning Mr. Anderson's motive for filing this lawsuit.

### B. Defendant's Motion *in Limine* Re: FBI Recordings [ECF No. 79]

Mr. Cubells seeks to prohibit the introduction of FBI recording transcripts in which Mr. Cubells makes certain statements about the use of force following the events at issue in this lawsuit. Def. Mot. *in Limine*, ECF No. 79. Mr. Cubells argues that these recordings were taken while he was intoxicated and off-duty and that they are more prejudicial than probative, thus they are properly excluded under Rule 403. Def. Mem. in Supp., ECF No. 79-1. Mr. Anderson, however, argues that they are highly probative as to Mr. Cubells' policing practices and should be admitted accordingly.

The recordings in question took place after the events at issue in this lawsuit, but they do not directly address Mr. Cubells' interactions with Mr. Anderson. Rather, they feature Mr. Cubells "bragging" about using violence against various other individuals during separate arrests. Pl. Mem. in Opp., ECF No. 92. These statements are not directly related to any of the allegations regarding Mr. Anderson's interactions with Mr. Cubells in November 2013 and December 2013; thus, they are not directly probative of Mr. Anderson's claims, and they carry a significant risk of unfair prejudice to Mr. Cubells. *See Jackson v. City of White Plains*, No. 05-CV-0491 (NSR), 2016 WL 234855, at *2 (S.D.N.Y. Jan. 19, 2016) (excluding evidence of defendant police officer's prior uses of force under Rule 404, noting that none of the acceptable

uses of such evidence – "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" – were relevant to the plaintiff's excessive force claims).

According to Mr. Anderson's memorandum in opposition to Mr. Cubells' motion *in limine*, he seeks to introduce the following statements from the FBI recording transcripts: (1) "In the middle of the investigation, she tried to go up with another case where she saw me and ___ beating a black guy on Grove St. and she had to leave the scene it was so bad."; (2) So we drive over, grab him ... he wants to fight. We f*cking tune him up on Route 6."; (3) "Yeah, we beat the f*ck out of him behind New Jays, too."; and (4) "I am embarrassed to say that I have exaggerated the stories I discussed that night." Pl. Mem. in Opp. at 2, ECF No. 92. None of these statements relate directly to Mr. Anderson; however, they do relate to Mr. Cubells' truthfulness regarding his use of force, and they could be particularly relevant for impeachment purposes in the event that Mr. Cubells contradicts anything reflected in the FBI recordings while giving testimony at trial. *See Estate of Jaquez v. Flores*, No. 10 CIV. 2881 (KBF), 2016 WL 1060841, at *8 (S.D.N.Y. Mar. 17, 2016) (noting that previously recorded statements of defendant police officer could be admissible under Rule 608(b), which allows limited inquiry on cross-examination into specific instances of a witness's conduct if "probative of the character for truthfulness or untruthfulness," but excluding evidence at motion *in limine* stage because plaintiff "failed to specifically identify any particular statements in the recordings relating to any of the officers' characters for truthfulness").

At this time, Mr. Cubells's [79] Motion *in Limine* is **GRANTED**. If, during the course of trial, it becomes evident that such recorded statements may be properly used for impeachment purposes, the Court will consider revisiting this ruling.

### C. Defendant's Motion *in Limine* Re: Traffic Stops [ECF No. 84]

Mr. Cubells seeks to prohibit Mr. Anderson from challenging the underlying legality of the traffic stops that resulted in his arrests on November 3, 2013 and December 23, 2013. Def. Mot. *in Limine*, ECF No. 84. Mr. Anderson objects to such categorical exclusion, arguing that the traffic stops provide essential context for his claims and further claiming that this evidence is necessary to prove the "outrageousness" of Mr. Cubells' conduct for purposes of his intentional infliction of emotional distress claim. Pl. Mem. in Opp., ECF No. 91.

The Court agrees with Mr. Anderson that testimony related to the traffic stops, which directly resulted in his arrest, would be relevant evidence that provides helpful context for Mr. Anderson's claims and potentially has probative value with respect to his excessive force and intentional infliction of emotional distress claims. *See Betancourt v. Slavin*, 676 F. Supp. 2d 71, 77 (D. Conn. 2009) ("In order to determine whether a police officer used excessive force, the finder of fact must consider whether the force was reasonable in light of the circumstances and facts confronting the officer at the time of the incident... the reasonableness of the force used should be assessed 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'") (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). This evidence would not be outweighed by unfair prejudice to Mr. Cubells. *See Hardy v. Town of Greenwich*, 629 F. Supp. 2d 192, 195 (D. Conn. 2009) ("Mere prejudice, of course, is not sufficient to exclude relevant evidence, since all inculpatory evidence is, by definition, prejudicial.").

Testimony related to the legality of the traffic stop, however, runs the risk of confusing the jury, as Mr. Anderson's unreasonable search and seizure claims have been dismissed from the case on summary judgment and are no longer to be decided by the jury. *See* Ruling on Mot.

for Summary J., ECF No. 69; *see also Jean-Laurent v. Hennessy*, 840 F. Supp. 2d. 529, 536 (E.D.N.Y. 2011) ("[T]he court's determination of what constitutes 'relevant evidence' is guided by the nature of the claims and defenses in the cause of action."). Accordingly, this aspect of the proposed testimony is appropriately excluded under Rule 403.

Mr. Cubells' [84] Motion *in Limine* is **GRANTED IN PART AND DENIED IN PART**. Testimony and other evidence related to alleged facts in connection with the traffic stops in November and December 2013 are admissible; however, testimony and other evidence challenging the legality of those traffic stops are excluded under Rule 403.

D. **Motions *in Limine* Re: Termination [ECF No. 80], Appeal of Termination [ECF No. 81], Civilian Complaints [ECF No. 82], and Psychiatric Treatment [ECF No. 83]**

Finally, Mr. Cubells seeks to preclude evidence related to his termination from the Waterbury Police Department, other civilian complaints brought against him, and his receipt of psychiatric treatment following the events at issue in this lawsuit. Def. Mots. *in Limine,* ECF Nos. 80, 81 and 83. During the final pre-trial conference in this matter held on August 31, 2017, *see* Minute Entry, ECF No. 94, Mr. Anderson conceded the arguments raised in Mr. Cubells's [80], [81], [82] and [83] Motions *in Limine* and agreed not to introduce at trial any evidence of Mr. Cubells's termination, psychiatric treatment, or civilian complaints filed against him. Accordingly, Mr. Cubells's [80], [81], [82] and [83] Motions *in Limine* are **GRANTED**.

IV. **CONCLUSION**

Mr. Anderson's [73] Motion *in Limine* is **GRANTED IN PART AND DENIED IN PART**, and his [74] Motion *in Limine* is **DENIED** without prejudice to renewal at trial. With respect to evidence related to Mr. Anderson's 2014 convictions, he may renew these motions at

trial in the event that Mr. Cubells seeks to introduce this evidence in a manner that goes beyond the limited purpose of questioning Mr. Anderson's motive for initiating this lawsuit.

Mr. Cubells' [79] Motion *in Limine* is **GRANTED**. The Court may revisit this ruling in the event that the FBI recordings become relevant for the limited purpose of impeaching Mr. Cubells's testimony at trial.

Mr. Cubells's [84] Motion *in Limine* is **GRANTED IN PART AND DENIED IN PART**. Evidence related to alleged facts in connection with the traffic stops in November and December 2013 are not categorically excluded at this time, while evidence challenging the legality of those traffic stops will not be permitted at trial.

Mr. Cubells's [80], [81], [82] and [83] Motions *in Limine* are **GRANTED**.

SO ORDERED this 8th day of September, 2017 in Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE